**Fausto Renato QUEVEDO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-70507

United States Court of Appeals, Ninth Circuit.

Submitted November 14, 2017 *
Pasadena, California

Filed November 16, 2017

Shan Potts, Attorney, Law Offices of Shan Potts, Glendale, CA, for Petitioner

Nancy Canter, Michael Christopher Heyse, Trial Attorneys, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: KOZINSKI, HAWKINS and PARKER,** Circuit Judges.

**MEMORANDUM ***

To qualify for Convention Against Torture relief a petitioner must show that "it is more likely than not that he ... would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The IJ didn't err by finding that Quevedo failed to meet this standard.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Substantial evidence supported the IJ's determination that the beating Quevedo suffered wasn't torture. See Ahmed v. Keisler, 504 F.3d 1183, 1201 (9th Cir. 2007). His later peaceful interaction with Guatemalan police further demonstrates that he's unlikely to be tortured if returned to Guatemala.

**DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.